**Marcio Evaristo ALVES, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70255.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Filed June 20, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert L. Lewis, Esq., Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thomas L. Eckert, U.S. Attorney's Office, Roanoake, VA, for Respondent.

Before: WALLACE, KLEINFELD, and BERZON, Circuit Judges.

## MEMORANDUM **

Marcio Evaristo Alves, a native and citizen of Brazil, petitions for review of the Board of Immigration Appeals ("BIA") order summarily affirming the Immigration Judge's ("IJ") order denying Alves' applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. Where the BIA affirms without opinion, the IJ's decision becomes the final agency determination and we review it as we would a decision of the BIA. *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir.2004). We review the agency's factual findings for substantial evidence, and reverse such findings only if "the evidence not only *supports* that conclusion, but *compels* it." *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (emphasis in original); 8 U.S.C. § 1252(b)(4)(B). We deny the petition for review.

Alves testified that his motorcycle was stolen in June of 1998, and that he confronted a man in September and December of 1998 who he believed was responsible for the theft. Alves stated that, beginning in December of 2000, he was followed home by two men, received threatening phone calls at his home, and was later assaulted by the man he confronted in 1998. Alves said he believes he was targeted because of the humanitarian work he did through a group affiliated with his church. Contrary to Alves' contention, neither his testimony nor any other evidence in the record compels the conclusion that he was or would be targeted, even in part, because

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of his political opinion, real or imputed. *See, e.g., Molina–Morales v. INS,* 237 F.3d 1048, 1051–52 (9th Cir.2001) (affirming agency's denial of asylum for failing to show that persecution would be on account of statutorily protected ground). Consequently, substantial evidence supports the agency's determination that Alves is not eligible for asylum or withholding of removal.

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.